**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **XAVIER LIGHTEN**<br>***on behalf of himself and all Similarly Situated Employees***<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STRICKLAND'S STEAKHOUSE, INC.**<br><br>**Defendant.** | **Case No. _______________**<br><br>**JURY DEMANDED**<br><br>**CLASS AND COLLECTIVE ACTION** |

**COMPLAINT**

Plaintiff Xavier Lighten ("Plaintiff" or "Lighten") on behalf of himself, and all similarly situated employees, alleges the following claims against Defendant Strickland's Steakhouse, Inc. ("Defendant" or "Strickland's"):

**NATURE OF THE CASE**

1. This is a class and collective action seeking damages for failure to comply with the minimum wage and overtime requirements of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. ("FLSA"), the New Jersey State Wage and Hour Law ("NJSWHL"), N.J. Stat. Ann. § 34:11 56a *et. seq.*

2. Defendant repeatedly and systemically failed to pay minimum wage and overtime to Plaintiff and other employees by unlawfully taking a tip credit for a tip pool that was shared by management, as well as failing to pay overtime when servers worked over 40 hours in a workweek, because Defendant erroneously claimed that Plaintiff and other employees earned "too much" to receive overtime pay.

## PARTIES

3. Plaintiff Xavier Lighten is a resident of Union County, New Jersey who resides at 138 East 9th Avenue, Roselle, NJ 07203.

4. Defendant Strickland's Steakhouse, Inc., is a corporation organized under the laws of the state of New Jersey with its principal place of business at 106 Main Street, Woodbridge, NJ 07095.

5. Plaintiff represents at least four groups of similarly situated employees of Defendant.

6. Plaintiff represents a collective of similarly situated employees under the FLSA pursuant to 29 U.S.C. §216(b). This "FLSA Tip Credit Collective" is defined as:

> All current and former employees of Strickland's for whom Defendant took a tip credit in workweeks in which non-tipped employees of Defendant participated in a tip pool for the three years preceding this suit to the present.

7. Plaintiff represents a collective of similarly situated employees under the FLSA pursuant to 29 U.S.C. §216(b). This "FLSA Overtime Collective" is defined as:

> All current and former non-exempt employees of Strickland's for whom Defendant failed to pay overtime for all hours worked over 40 hours in a workweek for the three years preceding this suit to the present.

8. Plaintiff represents a class of similarly situated employees under New Jersey law pursuant to Federal Rule of Civil Procedure 23. This "New Jersey Tip Credit Class" is defined as:

> All current and former employees of Strickland's for whom Defendant took a tip credit in workweeks in which non-tipped employees of Defendant participated in a tip pool for the six years preceding this suit to the present.

9. Plaintiff represents a class of similarly situated employees under New Jersey law pursuant to Federal Rule of Civil Procedure 23. This "New Jersey Overtime Class" is defined as:

> All current and former non-exempt employees of Strickland's for whom Defendant failed to pay overtime for all hours worked over 40 hours in a workweek for the six years preceding this suit to the present.

10. Throughout this Complaint, the employees in the FLSA Tip Credit Collective, FLSA Overtime Collective (collectively referenced as "FLSA Collective Members"), New Jersey Tip Credit Class, and New Jersey Tip Credit Class (collectively referenced as "New Jersey Class Members") are referenced jointly and collectively as "Similarly Situated Employees."

**JURISDICTION, AND VENUE**

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1331 and 28 U.S.C § 1367.

12. Venue is proper in this Court pursuant to 28 U.S.C § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and Defendant's principal place of business is in this District.

13. This Court has personal jurisdiction over Defendant because its principal place of business is in this District, and it employed Plaintiff in this District.

**FLSA COVERAGE**

14. At all relevant times, Strickland's was an employer of Lighten within the meaning of 29 U.S.C. § 203(d).

15. At all relevant times, Strickland's was and is part of an enterprise within the meaning of 29 U.S.C. § 203(r).

16. During at least the last three years, Strickland's had gross annual sales of goods produced in interstate commerce in excess of $500,000.

**FACTS**

17. Strickland's operates a high-end steakhouse in Woodbridge, New Jersey.

18. Plaintiff was employed as a Server at Strickland's from January 9, 2024, until December 18, 2025.

19. Throughout his employment, Plaintiff was assigned to work both lunch and dinner shifts at Defendant's restaurant.

20. Plaintiff regularly worked in excess of 40 hours per week as a Server for Defendant.

21. Plaintiff noticed that when he worked less than 40 hours per week, his pay stubs would accurately reflect his total hours worked, but when he worked more than 40 hours in a week, the number of hours reflected on his paystub would say 0, and there would be no overtime reflected on the pay stub and no overtime paid.

22. Upon information and belief, Defendant configured its timekeeping and/or payroll system to not pay overtime to Plaintiff and Similarly Situated Employees when they worked over 40 hours per week.

23. Plaintiff and one or more other Similarly Situated Employees inquired to Strickland's Assistant General Manager on more than one occasion why they were not receiving overtime, and the Assistant General Manager responded that the employees were "making too much money" and that Strickland "didn't pay overtime."

24. Plaintiff and the Similarly Situated Employees were required by Defendant to pool their tips with employees who do not customarily and regularly receive tips, including Strickland's non-exempt Assistant General Manager.

25. Defendant took the full tip credit allowed by New Jersey law in calculating pay for Plaintiff and Similarly Situated Employees, despite the fact that it relied on a required tip pool that included non-tipped employees.

26. Plaintiff, FLSA Overtime Collective Members. and NJ Overtime Class members remain uncompensated for overtime pay, and they are entitled to damages under the FLSA and New Jersey law.

27. Plaintiff, FLSA Tip Credit Collective Members and NJ Tip Credit Class Members remain uncompensated for tip credits improperly taken by Defendant in workweeks during which Defendant's tip pool was shared with non-tipped employees, and they are entitled to damages under the FLSA and New Jersey law.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff realleges and incorporates by reference Paragraphs 1 through 27 as if fully stated herein.

29. Numerous individuals were victimized by Defendant's patterns, practices, and policies, which are in willful violation of the FLSA.

30. Based on his experiences and tenure with Strickland's, Plaintiff is aware that Strickland's illegal practices were imposed on the FLSA Collective Members.

31. The FLSA Overtime Collective Members were not paid overtime for all overtime hours worked.

32. The FLSA Tip Credit Collective Members were not paid by Defendant for the improperly taken tip credit, in workweeks when they were required to pool tips with non-tipped employees.

33. The FLSA Collective Members are victims Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of the pay provisions and employment practices at issue in the collective in this lawsuit.

34. The FLSA Collective Members are similarly situated within the meaning of the FLSA.

35. Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

36. Defendant's failure to pay overtime compensation at the rates required by the FLSA, and its unlawful use of the tip credit in workweeks where tips were required to be pooled with non-tipped employees, result from generally applicable, systematic, policies and practices, which are not dependent on the personal circumstances of the FLSA Collective Members.

37. The FLSA Collective Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

38. Plaintiff realleges and incorporates by reference Paragraphs 1 through 37 as if fully stated herein.

39. The illegal practices Strickland's imposed on Plaintiff were likewise imposed on the New Jersey Class Members.

40. Numerous individuals other than Plaintiff who worked for Strickland's were not properly compensated for all hours worked, as required by New Jersey law.

41. The New Jersey Overtime Class and the New Jersey Tip Credit Class are so numerous that joinder of all members of the class is impracticable.

42. Defendant imposed uniform practices and policies on Plaintiff and the New Jersey Class Members regardless of any individualized factors.

43. Based on his own experience and tenure with Defendant, as well as discussion with coworkers of Defendant, Plaintiff is aware that Defendant's illegal practices were imposed on the New Jersey Class Members.

44. New Jersey Overtime Class Members were all not paid their proper overtime when they worked in excess of 40 hours per week.

45. Defendant's failure to pay overtime compensation in accordance with New Jersey law results from generally applicable, systematic, policies and practices which are not dependent on the personal circumstances of the New Jersey Overtime Class Members.

46. New Jersey Tip Credit Class Members all had the tip credit improperly claimed by Defendant in workweeks where they were required to share tips with non-tipped employees.

47. Defendant's failure to apply the tip credit in accordance with New Jersey law results from generally applicable, systematic, policies and practices which are not dependent on the personal circumstances of the New Jersey Tip Credit Class Members.

48. Plaintiff's experiences are therefore typical of the experiences of the New Jersey Class Members.

49. Plaintiff has no interest contrary to, or in conflict with, the New Jersey Class Members. Like each member of the proposed class, Plaintiff has an interest in obtaining the unpaid wages and other damages owed under the law.

50. A class action, such as this one, is superior to other available means for fair and efficient adjudication of the New Jersey Class Members's claims.

51. Absent this action, many New Jersey Class Members likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating New Jersey law.

52. Furthermore, even if some of the New Jersey Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

53. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

54. The questions of law and fact common to each of the New Jersey Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a. Whether Defendant paid Plaintiff and the New Jersey Overtime Class Members overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek;

b. Whether Defendant's failure to pay overtime at the rates required by law violated New Jersey's wage and hour laws;

c. Whether Defendant improperly applied the tip credit in workweeks when Plaintiff and the New Jersey Tip Credit Class Members were forced to pool tips with non-tipped employees;

d. Whether Defendant's misapplication of the tip credit violated New Jersey's wage and hour laws;

e. Whether Plaintiff and the New Jersey Class Members were paid all wages due within the periods of time allowed by the NJSWHL;

f. Whether Defendant's failure to pay wages due to Plaintiff and the New Jersey Class Members violated the NJSWHL; and

g. Whether Defendant's NJSWHL violations were committed knowingly.

55. Plaintiff's claims are typical of the New Jersey Class Members. Plaintiff and the New Jersey Class Members have all sustained damages arising out of Defendant's illegal and uniform employment practices.

56. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that preclude its ability to go forward as a class or collective action.

**COUNT I – FLSA OVERTIME VIOLATIONS**

57. Plaintiff realleges and incorporates by reference Paragraphs 1 through 56 as if fully stated herein.

58. By failing to pay Plaintiff and the FLSA Overtime Collective Members overtime at 1.5 times their regular rates when the payments were due, Defendant violated the FLSA. 29 U.S.C. § 207(a).

59. Defendant owes Plaintiff and the FLSA Overtime Collective Members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

60. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Overtime Collective Members overtime compensation.

61. Because Defendant knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Defendant owes these wages for at least the past three years.

62. Defendant's failure to pay overtime compensation to these FLSA Collective Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

63. Because Defendant's decision not to pay overtime was not made in good faith, Defendant also owes Plaintiff and the FLSA Overtime Collective Members an amount equal to the unpaid overtime wages as liquidated damages.

64. Accordingly, Plaintiff and the FLSA Overtime Collective Members are entitled to their full overtime wages under the FLSA in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

## COUNT II – FLSA TIP CREDIT VIOLATIONS

65. Plaintiff realleges and incorporates by reference Paragraphs 1 through 64 as if fully stated herein.

66. Defendant required Plaintiff and FLSA Tip Credit Collective Members to participate in a tip pool that was shared with non-tipped employees, thereby rendering Defendant ineligible for the tip credit.

67. By failing to pay Plaintiff and the FLSA Tip Credit Collective Members for their full minimum wage in workweeks in which Defendant required the tip pool to be shared with non-tipped employees, Defendant violated the minimum wage requirements of 29 U.S.C. §206.

68. Defendant owes Plaintiff and the FLSA Tip Credit Collective Members the difference between the amount that Defendant actually paid to Plaintiff and the FLSA Tip Credit Collective Members and the minimum wage set by the FLSA.

69. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of taking an improper tip credit.

70. Because Defendant knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Defendant owes these wages for at least the past three years.

71. Defendant's application of the tip credit to these FLSA Tip Credit Collective Members was neither reasonable, nor was the application of the tip credit made in good faith.

72. Because Defendant's decision to apply the tip credit was not made in good faith, Defendant also owes Plaintiff and the FLSA Tip Credit Collective Members an amount equal to the unpaid wages as liquidated damages.

73. Accordingly, Plaintiff and the FLSA Tip Credit Collective Members are entitled to their full wages under the FLSA without regard to the misapplied tip credit, plus liquidated damages, attorney's fees, and costs.

**COUNT III – NJSWHL OVERTIME VIOLATIONS**

74. Plaintiff realleges and incorporates by reference Paragraphs 1 through 73 as if fully stated herein.

75. The failure to pay overtime alleged in this Complaint violates the NJSWHL.

76. Defendant was and is an "employer" within the meaning of NJSWHL.

77. At all relevant times, Defendant employed Plaintiff and other New Jersey Overtime Class Members as "employees" within the meaning of NJSWHL.

78. The NJSWHL, N.J. Stat. Ann. §34:11-56a4(b), requires Defendant pay overtime to all non-exempt employees.

79. Plaintiff and the other New Jersey Overtime Class Members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked.

80. The NJSWHL, N.J. Stat. Ann. §34:11-56a4(b), requires overtime to be paid at a rate of no less than 1.5x the employee's regular hourly rate for each hour of working time in excess of 40 each week.

81. Within the applicable limitations period, Defendant had a policy and practice of failing to pay proper overtime to the New Jersey Overtime Class Members for their hours worked in excess of 40 hours per week.

82. As a result of Defendant's failure to pay proper overtime to Plaintiff and the New Jersey Overtime Class Members for work performed in excess of 40 hours in a workweek, Defendant violated the NJSWHL

83. Plaintiff and the New Jersey Overtime Class Members are entitled to overtime wages under the NJSWHL in an amount equal to 1.5x their rates of pay, liquidated damages of twice the amount of unpaid overtime pay, attorney's fees, costs, penalties, interest, and all other legal and equitable relief provided by the NJSWHL, N.J. Stat. Ann. §34:11-56a25, and the New Jersey Administrative Code, §12:56-1.5.

## COUNT IV – NJSWHL TIP CREDIT MINIMUM WAGE VIOLATIONS

84. Plaintiff realleges and incorporates by reference Paragraphs 1 through 83 as if fully stated herein.

85. The tip pooling and tip credit conduct alleged in this Complaint violates the NJSWHL.

86. Defendant was and is an “employer” within the meaning of NJSWHL.

87. At all relevant times, Defendant employed Plaintiff and other New Jersey Tip Credit Class Members as “employees” within the meaning of NJSWHL.

88. The NJSWHL, N.J. Stat. Ann. §34:11-56a4(a), requires Defendant pay minimum wage to all non-exempt employees.

89. Plaintiff and the other New Jersey Tip Credit Class Members are non-exempt employees who are entitled to be paid minimum wage for all hours worked.

90. Within the applicable limitations period, Defendant had a policy and practice of improperly claiming the tip credit, in order to avoid paying the legally required minimum wage.

91. Defendant’s policy and practice of including non-tipped employees in its tip pool rendered its tip credit invalid, as applied to Plaintiff and New Jersey Tip Credit Class Members violated N.J. Admin. Code § 12:56-3.5.

92. Plaintiff and the New Jersey Tip Credit Class Members are entitled to minimum wage under the NJSWHL, liquidated damages of twice the amount of unpaid wages, attorney’s fees, costs, penalties, interest, and all other legal and equitable relief provided by the NJSWHL, N.J. Stat. Ann. §34:11-56a25, and the New Jersey Administrative Code, §12:56-3.5.

**JURY DEMAND**

93. Plaintiff demands a trial by jury on all claims in this suit.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all Similarly Situated Employees:

1. For an order certifying a collective action for the FLSA claims;

2. For an order certifying a class action for the New Jersey law claims;

3. For an order finding Defendant liable for violations of federal wage laws with respect to Plaintiff and all FLSA Collective Members covered by this case;

4. For an order finding Defendant liable for violations of New Jersey wage laws with respect to Plaintiff and all New Jersey Class Members covered by this case;

5. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Plaintiff and all FLSA Collective Members covered by this case;

6. For a judgment awarding all unpaid wages, liquidated damages, and penalties under New Jersey wage laws to Plaintiff and all New Jersey Class Members covered by this case;

7. For an equitable accounting and restitution of wages due to Plaintiff and all FLSA Collective and New Jersey Class Members covered by this case;

8. For a judgment awarding attorneys' fees to Plaintiff and all FLSA Collective and New Jersey Class Members covered by this case;

9. For a judgment awarding costs of this action to Plaintiff and all FLSA Collective and New Jersey Class Members covered by this case;

10. For a judgment awarding pre-and post-judgment interest at the highest rates allowed by law to Plaintiff and all FLSA Collective and New Jersey Class Members covered by this case; and

11. For all such other and further relief as may be necessary and appropriate.

This 25th day of March 2026.

Respectfully submitted,

/s/ Ben H. Bodzy
Ben H. Bodzy (NJ Bar No. 558412025)
BODZY LAW PLLC
200 Connell Drive
Berkeley Heights, NJ 07922
(888) 215-6060 (phone)
bbodzy@bodzylaw.com

*Counsel for Plaintiff*